412 So.2d 28 (1982)
Terry Wilburn WHITE, Appellant,
v.
STATE of Florida, Appellee.
No. 81-1386.
District Court of Appeal of Florida, Second District.
April 2, 1982.
Jerry Hill, Public Defender, and William H. Pasch, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Samuel Robert Mandelbaum, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Acting Chief Judge.
Appellant was convicted of first degree burglary and sexual battery and given consecutive fifteen year sentences. Relying upon McRae v. State, 383 So.2d 289 (Fla. 2d DCA 1980), he argues that we should vacate the sentence imposed for sexual battery because, he contends, the sexual battery was a lesser included offense of the first degree burglary.
In McRae this court considered two counts arising out of the same event, the first of which charged the defendant with burglary during the course of which he made an assault upon the victim, to wit: involuntary sexual battery. The second count contained a charge of sexual battery upon the same victim. We held that the second count was a lesser included offense of the first because proof of the sexual battery was indispensable to the conviction for first degree burglary and that therefore the defendant could not be convicted of both counts.[1]
In the present case the information alleged that appellant:
COUNT ONE: did unlawfully enter or remain in a certain structure, to-wit: a dwelling, located at or in the vicinity of Palm and Pine Trailer Park, in the County and State aforesaid, the property *29 of Bernice Wallace, as owner or custodian thereof, with the intent to commit an offense therein, to-wit: Sexual Battery, and did make an assault upon a human being while therein, to-wit: Ms. Bernice Wallace,
COUNT TWO: did unlawfully commit a sexual battery upon Bernice Wallace, a person over the age of eleven (11) years, without said victim's consent, by vaginal penetration by the sex organ of another, and in the process thereof used physical force and violence not likely to cause serious personal injury.
A careful analysis demonstrates that because of an essential difference between the McRae information and the one filed against appellant, a different result is required here. In McRae the burglary count alleged that the assault was the sexual battery, whereas here the information did not state that the assault upon Ms. Wallace consisted of the sexual battery. Thus, under the allegations of count one appellant could not have been convicted of a lesser included offense of sexual battery.
One may legitimately ask why this should make any difference since we know from the record that the assault committed on Ms. Wallace culminated in the sexual battery. The reason lies in the principle of lesser included offenses. In order to be a category three (now one)[2] offense, the lesser offense must be an essential ingredient of the greater. Brown v. State, 206 So.2d 377 (Fla. 1968). Obviously, sexual battery is not an essential ingredient of burglary with an assault. In order to be a category four (now two) lesser included offense, the greater offense must allege all of the elements of the lesser offense, and the proof must support the allegation of the lesser offense. Brown v. State. In this case count one cannot be read to include a charge of sexual battery. See Gaylord v. State, 413 So.2d 72 (Fla. 2d DCA 1982), involving a similar analysis in a different context.
Since count two was not a lesser included offense of count one, the court properly entered separate sentences on both counts. § 775.021(4), Fla. Stat. (1981).
AFFIRMED.
RYDER and CAMPBELL, JJ., concur.
NOTES
[1] Appellant concedes that by reason of the recent case of State v. Hegstrom, 401 So.2d 1343 (Fla. 1981), only his sentence and not his conviction should be vacated if he prevails.
[2] See In re Use By the Trial Courts of the Standard Jury Instructions in Criminal Cases, Nos. 57,734 and 58,799 (Fla. Apr. 16, 1981).