462 So.2d 461 (1985)
George WICKER, Jr., Petitioner,
v.
STATE of Florida, Respondent.
State of Florida, Petitioner,
v.
George WICKER, Jr., Respondent.
Nos. 64958, 64985.
Supreme Court of Florida.
January 10, 1985.
*462 Jerry Hill, Public Defender, and Allyn Giambalvo and Deborah K. Brueckheimer, Asst. Public Defenders, Tenth Judicial Circuit, Clearwater, for petitioner/respondent.
Jim Smith, Atty. Gen. and Robert J. Landry, Asst. Atty. Gen., Tampa, for respondent/petitioner.
ALDERMAN, Justice.
We review the decision of the Second District Court of Appeal in Wicker v. State, 445 So.2d 581 (Fla. 2d DCA 1984), because of express and direct conflict with the decisions of other appellate courts in this state. Art. V, § 3(b)(3), Fla. Const. Both the defendant and the state seek review, and their cases have been consolidated. We quash that part of the district court's decision that reversed defendant's conviction and sentence for involuntary sexual battery. We approve that part of the district court's decision that affirmed defendant's convictions and sentences for burglary and robbery.
George Wicker and another man entered the victim's home while she was asleep on the living room couch. The victim, who was five months pregnant, was told that if she screamed, they would kill her children who were asleep in the bedroom. She was then raped and robbed by both men.
Wicker was subsequently charged and convicted of three separate counts: burglary (section 810.02(2), Florida Statutes (1981)); involuntary sexual battery (section 794.011(3), Florida Statutes (1981)); and robbery (section 812.13(2)(a), Florida Statutes (1981)). The district court rejected Wicker's contention that the burglary charge was deficient because it alleged as an enhancing factor that he committed "an assault" within the burglarized structure without alleging all of the necessary elements of an assault. In rejecting this contention, the Second District acknowledged conflict with the decision of the Fourth District in Lindsey v. State, 416 So.2d 471 (Fla. 4th DCA 1982).
Wicker contends that alleging "an assault" in Count I (burglary) without setting forth all the necessary elements of the assault was error. This issue has recently been resolved against Wicker by this Court in State v. Lindsey, 446 So.2d 1074 (Fla. 1984). Based upon our decision in Lindsey, we approve the district court's holding that Count I of the information was sufficient.
The district court set aside the sexual battery conviction based on its prior holding in McRae v. State, 383 So.2d 289 (Fla. 2d DCA 1980). McRae, citing State v. Pinder, 375 So.2d 836 (Fla. 1979), held that a defendant could not be convicted of both the first-degree felony burglary and the assault which served as the basis therefor, because finding that the defendant committed the assault was indispensible to the conviction of first-degree felony burglary. In its cross-petition for review, the state contends that Wicker may be convicted of both burglary and sexual battery.[*] We agree with the state's position.
In State v. Baker, 456 So.2d 419 (Fla. 1984), this Court held that in determining whether separate convictions may result from a single criminal event, it is the statutory elements of the charged crimes which must be analyzed and not the language of the charging document. If a comparison of the crimes' statutory elements reveals that each offense requires proof of at least one additional fact which the other does not, then each is not an included offense of the other. See Borges v. State, 415 So.2d 1265, 1267 (Fla. 1982).
*463 This Court has recently reiterated that multiple convictions and sentences may result from a single criminal episode. In State v. Gibson, 452 So.2d 553 (Fla. 1984), we stated:
It has never been held authoritatively that double jeopardy prohibits cumulative prosecution and punishment of two or more separate statutory offenses merely because a single act or factual event provides the basis for proving both or all of the offenses. If the legislative authority intends separate prosecutions and punishments in such instances, they are permissible.
Id. at 557 (citations omitted).
The district court erroneously analyzed the allegations in the charging document to determine whether the convictions could stand instead of analyzing the offenses' statutory elements. Applying the Baker and Gibson statutory analysis to the present case, we hold that the sexual battery conviction was proper and should be reinstated.
Involuntary sexual battery, as statutorily defined in section 794.011(3), Florida Statutes (1981), requires (1) a sexual battery; (2) upon a person over the age of eleven years; (3) without that person's consent; and (4) with the use or threat to use a deadly weapon or with the use of actual physical force which is likely to cause serious personal injury. Conversely, the elements of burglary, as statutorily defined, are (1) entering or remaining in a structure or a conveyance; and (2) with the intent to commit an offense therein. § 810.02, Fla. Stat. (1981). Such burglary is a first-degree felony if, during the course of the offense, the offender commits an assault upon any person or is armed, or arms himself within the structure with explosives or a dangerous weapon. If the offender does not commit any of the aforementioned acts in the course of the burglary but the structure is a dwelling or if a human being is in the structure during the offense, the burglary is a second-degree felony. Otherwise, burglary is a third-degree felony. Thus, it is clear from this analysis that burglary and sexual battery are separate statutory offenses for which separate judgments may be imposed.
Accordingly, the decision of the district court of appeal is quashed in part and approved in part, and the case is remanded for further proceedings consistent with this opinion.
It is so ordered.
BOYD, C.J., and McDONALD, EHRLICH and SHAW, JJ., concur.
ADKINS and OVERTON, JJ., dissent.
NOTES
[*] The state, in its brief, distinguishes McRae because in the present case the burglary count did not specifically allege as the assault the sexual battery charged in Count II, whereas in McRae the burglary count did allege that the assault was the sexual battery charged in another count. The same distinction was set forth in White v. State, 412 So.2d 28 (Fla. 2d DCA 1982); however, we find it immaterial to the disposition of this case because the focus of our inquiry is on the statutory elements of the offenses charged and not on the allegations in the charging documents.