537 So.2d 1058 (1989)
Cleveland SPRADLEY, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 87-506.
District Court of Appeal of Florida, First District.
January 18, 1989.
Michael E. Allen, Public Defender, P. Douglas Brinkmeyer, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., Kurt L. Barch, Asst. Atty. Gen., for appellee.
NIMMONS, Judge.
Cleveland Spradley, Jr. appeals from final judgments and sentences by which he was convicted and sentenced, pursuant to jury trial, for: (1) burglary with a battery, in violation of Section 810.02(2)(a), Florida Statutes;[1] (2) battery, in violation of Section *1059 784.03, Florida Statutes; and (3) petit theft, in violation of Section 812.014, Florida Statutes. In the two issues raised on appeal, appellant claims: (1) that he was improperly convicted and sentenced for both burglary with a battery and simple battery; and (2) that this judgment erroneously classified battery as a third degree felony. We agree with appellant as to both issues and reverse.[2]
The relevant facts in this case are that, upon arriving home one evening, the victim saw that a light was on in the back room. The victim entered the room and observed a pair of legs in a sliding closet. Before he knew what was happening, he was on the floor and had been hit several times. It was later discovered that a bowl of coins and a pair of socks had been stolen.
Appellant was subsequently charged and found guilty of the above three charges. Appellant was sentenced to 4 1/2 years imprisonment followed by 15 years probation for the burglary; a concurrent term of 60 days for the petit theft; and a concurrent term of one year for the battery.
At issue in this case is whether appellant's convictions and sentences for both burglary with a battery and battery violate the state and federal constitutions' prohibition against double jeopardy, i.e., against subjecting a defendant to multiple punishments for the same offense. We conclude that appellant's double jeopardy rights have been violated.
The Double Jeopardy Clause is cast explicitly in terms of being "twice put in jeopardy." This clause has consistently been interpreted to protect an individual against multiple punishments for the same offense. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). The Double Jeopardy Clause's protection against multiple punishments, however, with respect to cumulative sentences imposed in a single trial, does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended. Missouri v. Hunter, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983). It is the legislature, and not the courts, that prescribe the scope of punishments. 459 U.S. at 368, 103 S.Ct. at 679.
Before reaching the question of any possible constitutional violation, it is important to first determine what the legislature intended to punish and precisely how. The question of what punishments are constitutionally permissible is no different from the question of what punishments the legislature intended to be imposed. Where the legislature intends to impose multiple punishments, imposition of such sentences does not violate the constitution. Albernaz v. United States, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981). Thus, where the legislature clearly, unambiguously and precisely states an intent to punish the exact same offense under separate statutory provisions, a double jeopardy problem does not exist. See Hunter, 459 U.S. 359, 103 S.Ct. 673; Whalen v. United States, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980); Albernaz, 450 U.S. 333, 101 S.Ct. 1137.
Missouri v. Hunter is instructive. There, the Court, in a 7-2 decision, specifically held that legislative intent, if clear, determines the scope of "same offense" analysis for purposes of determining when cumulative punishments may be imposed. In Hunter, the Court upheld the separate convictions and sentences imposed against a defendant in a single trial under two separate Missouri statutes, one proscribing robbery in the first degree, the second prohibiting "armed criminal action" (i.e., "use a gun, go to jail") based on the robbery. The Court's majority opinion conceded that the Court was bound by the Missouri Supreme Court's ruling that the two statutes at issue defined the same crime under Blockburger v. United States, 284 U.S. 299, *1060 52 S.Ct. 180, 76 L.Ed. 306 (1932).[3] But the Court went on to conclude that Blockburger was irrelevant because the Missouri Legislature had made "crystal clear" that it intended the penalty imposed for violation of the armed criminal action statute to be in addition to the penalty imposed for the underlying crime. The Missouri Legislature specifically stated in its armed criminal action statute that the punishment imposed pursuant to that statute "shall be in addition to any punishment provided by law for the crime committed by, with, or through the use, assistance, or aid of a dangerous or deadly weapon." Missouri Rev.Stat. § 559.225 (Supp. 1976).
As the Court had suggested in Albernaz, Hunter held that Blockburger merely provided a rule for statutory construction which becomes unnecessary when the legislature's actions are unambiguous. The Court stated:
Where, as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the "same" conduct under Blockburger, a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial.
Hunter, 459 U.S. at 368-369, 103 S.Ct. at 679.
However, where it cannot be said with certainty what the legislature intended, a double jeopardy problem may arise. In Carawan v. State, 515 So.2d 161 (Fla. 1987), the Florida Supreme Court articulated an analysis to be used in construing criminal statutes in cases where multiple punishments under different statutory provisions have been imposed for the commission of one act. First, consistent with the above referred United States Supreme Court decisions, absent a violation of a constitutional right, specific, clear and precise statements of legislative intent control regarding intended penalties. Only where no clear intent exists does any other rule of construction come into play. The courts never resort to rules of construction where the legislative intent is plain and unambiguous. Id. at 165.
Absent such clear expression of legislative intent, the court begins its analysis by assuming that the legislative branch ordinarily does not intend to punish the same offense under two different statutes. Carawan, 515 So.2d at 167; Ball v. United States, 470 U.S. 856, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985). The court next applies the Blockburger test to assist in determining legislative intent. The Blockburger test compares the elements of the crimes in question. The court must determine whether each offense as defined in the statute requires proof of a fact that the other does not, without regard to the accusatory pleadings or proof adduced at trial. See footnote 3 for statement of Blockburger rule.[4] According to Carawan, if they do not, the offenses are presumed to be the same, and multiple punishments are improper in the absence of express legislative authorization. This authorization must be explicit because of the presumption underlying the rule that the legislative branch does not ordinarily intend to punish the same offense twice. Carawan, 515 So.2d at 167.
*1061 On the other hand, if each offense requires proof of a fact that the other does not, the court then must find that the offenses in question are separate, and multiple punishments are presumed to be authorized in the absence of a contrary legislative intent or any reasonable basis for concluding that a contrary intent exists. 515 So.2d at 168. Where there is a basis for concluding that a contrary intent exists, then, according to Carawan, the "rule of lenity" comes into play and the court must resolve all doubts in favor of lenity toward the accused. Id. at 168. In determining whether a contrary legislative intent exists, the court may consider such factors as the circumstances and documentation accompanying a law's enactment, its evident purpose, the particular evil it seeks to remedy, the fact that it seeks to protect a particular class or remedy a special problem, or other relevant factors. 515 So.2d at 167.
In the instant case, appellant was convicted and sentenced for the first degree felony of burglary with a battery, in violation of Section 810.02(2)(a), and the first degree misdemeanor of simple battery, in violation of Section 784.03. Unlike the Missouri Legislature in Hunter, the legislature in our case has not made it "crystal clear" that it intended to convict and punish a defendant for both a simple battery under Section 784.03, and burglary under Section 810.02(2)(a), which is enhanced to a first degree felony punishable by life by reason of the commission of the battery. Accordingly, pursuant to Carawan, because the legislative intent is unclear as to whether separate convictions and sentences should be imposed, this case should be analyzed under the test articulated in Blockburger.
Comparing the elements that must be proved under each statute, it is clear that although burglary with a battery requires proof of elements that battery does not, battery does not require proof of elements that burglary with a battery does not. Pursuant to Carawan then, because each offense as defined in the statute does not require proof of a fact that the other does not, and because there is no express legislative authorization concerning the imposition of separate convictions and sentences for both burglary with a battery and simple battery, the offenses are presumed to be the same and multiple punishments are improper. 515 So.2d at 167.
This is where our analysis ends under Carawan. Carawan establishes that if the Blockburger test is not met and there is no explicit legislative authorization concerning multiple punishments, the court must treat the offenses as equivalent based on a presumption that the offenses are the same and the legislature does not intend to punish the same offenses twice. 515 So.2d at 165, 167.
Finally, we are of the view that the state's reliance upon Wicker v. State, 462 So.2d 461 (Fla. 1985) (held defendant lawfully convicted and sentenced for the offenses of the first degree felony of burglary under Section 810.02(2)(a) and sexual battery) is misplaced.
Accordingly, we reverse the judgment and sentence for the offense of battery and remand with instructions that such judgment and sentence be vacated and that the appellant be discharged therefrom.
THOMPSON and BARFIELD, JJ., concur.
NOTES
[1] The crime of burglary, generally a third degree felony, is elevated to a first degree felony punishable by life if the defendant commits an assault or battery in the course of committing the burglary. Section 810.02(2), Florida Statutes, provides:

(2) Burglary is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, s. 775.083, or s. 775.084, if, in the course of committing the offense, the offender:
(a) Makes an assault or battery upon any person.
(b) Is armed, or arms himself within such structure or conveyance, with explosives or a dangerous weapon.
(c) If the offender does not make an assault or battery or is not armed, or does not arm himself, with a dangerous weapon or explosive as aforesaid during the course of committing the offense and the structure or conveyance entered is a dwelling or there is a human being in the structure or conveyance at the time the offender entered or remained in the structure or conveyance, the burglary is a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. Otherwise, burglary is a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. (e.s.)
[2] The state has conceded error as to the second issue. Actually, the second issue is moot because of our reversal on the first issue.
[3] In Blockburger, the now familiar rule was stated as follows:

The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.
284 U.S. at 304, 52 S.Ct. at 182, 76 L.Ed. 306.
[4] The Blockburger rule has been codified by the Legislature in Section 775.021(4), Florida Statutes (1985):

(4) Whoever, in the course of one criminal transaction or episode, commits separate criminal offenses, upon conviction and adjudication of guilty, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.