540 So.2d 185 (1989)
Stephen William BRADLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 88-560.
District Court of Appeal of Florida, Fifth District.
March 16, 1989.
*186 James B. Gibson, Public Defender, and Daniel J. Schafer, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
A tenant discovered the defendant[1] burglarizing the tenant's apartment. The defendant fled out of the apartment. The tenant chased and caught the defendant who struggled and hit the tenant in the face. On these facts, the defendant was tried, convicted and sentenced for two offenses: burglary with a battery (§ 810.02(2)(a), Fla. Stat.) and battery (§ 784.03, Fla. Stat.). In each count the battery alleged was the one that occurred when the defendant hit the tenant in the face. The defendant appeals, arguing that he has been convicted twice for "the same offense" in violation of his rights under the double jeopardy clauses of the state and federal constitutions.
Burglary is a first degree felony if "in the course of committing" the burglary offense, the offender commits a battery upon any person. § 810.02(2)(a), Fla. Stat. Section 810.011(4) provides that an act (such as a battery) is committed "in the course of committing" if the act occurs during flight after the commission of the basic (burglary) offense.
In any logical scheme classifying crimes, the offense known as battery would be shown as some one degree of one basic substantive crime, the object of which would be to prohibit one person from injuring or threatening or attempting to injure or kill another person. This basic substantive crime against harming others would probably include all statutory crimes (see Chapters 782 and 784, Florida Statutes), now known as assault, aggravated assault, battery, aggravated battery, injury by culpable negligence, and all homicides and attempts relating thereto. On the other hand, in any such classification, the offense of burglary would be included within some other basic substantive crime, the object of which would be the protection of the security of structures and objects of conveyance.
Apparently, the legislature saw fit to make the offense of burglary punishable on three different levels (first, second and third degree felonies punishable under section 775.082(3)(b), (c) and (d), Florida Statutes, by terms of imprisonment not exceeding 30 years, 15 years, and 5 years) depending on facts relating to whether the offender harmed someone, on whether the offender was armed and likely to harm someone, and whether the protected structure contained or was likely to contain a human being who might be harmed. These are logical and legal distinctions to be made within the legislative prerogative. Basically there are two methods by which the legislature could have done this. One is to make burglary one substantive offense but to provide for that one offense a schedule of varying punishments depending on the *187 presence or absence of the desired differentiating factors.[2] The other method, and one used in the burglary statute section 810.02, is to make the differentiating factors upon which the different punishment is to depend, into degree elements[3] differentiating the one basic substantive burglary offense into three separate statutory offenses, each of which authorizes a different degree or level of punishment. This second method poses no particular problem when the differentiating factor is not itself a separate criminal offense or an essential element of some other charged offense. However, when the factor which serves to differentiate punishment is made into a degree element of the basic substantive offense is itself a separate independent offense (such as battery, in this case) or is an essential element of some other charged offense, a serious legal problem results in that the underlying or primary substantive offense (burglary, in this case) has been made to include within itself (that is, to encompass, to embody, to subsume) the independent secondary offense (battery, here), or some essential element of it, which necessarily means that every trial and conviction of the primary offense includes a trial and conviction of the ancillary incorporated offense (or element of it), and, when both offenses relate to one and the same factual event[4] (striking the tenant in the face, in this case), a defendant cannot be tried or convicted (whether in one or two trial settings) for both the primary offense (the burglary with a battery, in this case), and the ancillary incorporated offense (the battery, here) without being tried or convicted twice for "the same offense" in violation of the defendant's constitutional double jeopardy rights. This case is but one example of the true double jeopardy "identity of offense" problem considered in Carawan v. State, 515 So.2d 161 (Fla. 1987), and a long list of preceding cases. Spradley v. State, 537 So.2d 1058 (Fla. 1st DCA 1989), holds that convictions of both burglary with a battery and a simple battery as to a single factual event violate the constitutional double jeopardy clause. See also, McPhee v. State, 537 So.2d 698 (Fla. 4th DCA 1989).
The offense carrying the greater potential punishment, being the burglary with a battery, is affirmed. See State v. Barton, 523 So.2d 152 (Fla. 1988). The conviction for battery is reversed. This case is remanded with directions that the defendant be resentenced based upon a sentencing guidelines scoresheet in which points scored for the separate conviction for battery have been eliminated.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
DANIEL, J., concurs.
SHARP, C.J., concurs specially with opinion.
SHARP, Chief Judge, concurring specially.
I concur with the majority opinion in its entirety except for the statement that Carawan v. State, 515 So.2d 161 (Fla. 1987) resolved constitutional double jeopardy problems. Carawan expressly declared that the multiple punishments problem as resolved by the Blockburger test[1] "in actuality is only a rule of statutory construction." 515 So.2d at 166. Carawan held that to the extent application of the Blockburger test achieved a result "contrary to true intent, it is inapplicable." 515 So.2d at 167. This new test of lenity, based on legislative intent, apparently died at the *188 hands of the Florida legislature in the next session following Carawan. See Ch. 88-131, § 7, Laws of Florida. See also State v. Barritt, 531 So.2d 338, 340 (Fla. 1988) (Shaw, J., concurring); Clark v. State, 530 So.2d 519 (Fla. 5th DCA 1988). Constitutional double jeopardy problems (if raised by Carawan) remain unanswered.
NOTES
[1] This case has a prior appellate history. See Bradley v. State, 497 So.2d 281 (Fla. 5th DCA 1986), and Bradley v. State, 513 So.2d 112 (Fla. 1987).
[2] See e.g., §§ 775.084, 775.0845, 775.0846, 775.0847, 784.07 and 812.13, Fla. Stat.
[3] Degree elements are elements the function of which is to differentiate between degrees of a basic substantive offense. The constituent elements defining the basic substantive offense are nuclear or core elements.
[4] As explained in Bell v. State, 437 So.2d 1057, 1060 (Fla. 1983):

If two statutory offenses have the exact, same essential constituent elements, or when one statutory offense includes all of the elements of the other, those two offenses are constitutionally "the same offense" and a person cannot be put in jeopardy as to both such offenses unless the two offenses are based on two separate and distinct factual events.
[1] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).