543 So.2d 424 (1989)
Kardell Vernon SLATER, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1614.
District Court of Appeal of Florida, Fifth District.
May 18, 1989.
James B. Gibson, Public Defender and Nancye R. Crouch, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Laura Griffin, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
Appellant was charged with and convicted of burglary with a battery (section 810.02(2)(a)) and simple battery (section 784.03, Florida Statutes (1987)). Both battery charges arise out of the same factual event. We rejected the Anders[1] brief filed by appellant's counsel and required the filing of a supplemental brief directed to the question of whether appellant's double jeopardy rights were adversely affected by *425 the additional charge of battery, when that same battery was an inherent element of the burglary charge. Appellant now asserts, and appellee concedes, that this issue is controlled by our recent decision in Bradley v. State, 540 So.2d 185 (Fla. 5th DCA 1989) in which we held that a conviction for battery violates double jeopardy principles when the defendant is also charged with and convicted of burglary with a battery, when the battery in both charges is the same. The conviction for burglary with a battery is affirmed. The separate conviction for battery is reversed and the sentence for that misdemeanor is vacated. Defendant's sentence on the burglary count is not affected by the reversal of the battery conviction.
AFFIRMED in part and REVERSED in part.
COWART and DANIEL, JJ., concur.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).