570 So.2d 364 (1990)
Cary BRANTLEY, Appellant,
v.
The STATE of Florida, Appellee.
No. 89-1750.
District Court of Appeal of Florida, Third District.
November 6, 1990.
Bennett H. Brummer, Public Defender, and Louis Campbell, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Angelica D. Zayas, Asst. Atty. Gen., for appellee.
Before JORGENSON, COPE and GODERICH, JJ.
PER CURIAM.
Cary Brantley appeals from a judgment of conviction and sentence for second-degree murder.
We affirm the conviction, reverse the sentence, and remand for resentencing.
After the jury had retired for deliberations, it informed the court that it had a question about the date of the crime and asked the court to provide the testimony of a witness. The trial court called the jury back into the courtroom in the presence of both the prosecutor and defense counsel and asked defense counsel whether he waived defendant's presence. Defense counsel replied, "For the record I waive the presence of the defendant."[1] For reasons not apparent from the record, defendant was not present in the courtroom at the time. Defense counsel and the prosecutor stipulated to the court's answer to the question about the date of the crime. The court declined to provide the witness' testimony. The jury then returned to the jury room to continue deliberations.
We hold that defendant's absence from the courtroom, if error, was harmless beyond *365 a reasonable doubt. See Meek v. State, 487 So.2d 1058 (Fla. 1986) (harmless error analysis applies when trial judge, during jury deliberations, responds to question in presence of both defense counsel and prosecutor, but in defendant's absence); Stano v. State, 473 So.2d 1282 (Fla. 1985); cert. denied, 474 U.S. 1093, 106 S.Ct. 869, 88 L.Ed.2d 907 (1986); Junco v. State, 510 So.2d 909 (Fla. 3d DCA), rev. denied, 518 So.2d 1276 (Fla. 1987).
As to defendant's other challenges to his conviction, we find no merit. See Morgan v. State, 492 So.2d 1072 (Fla. 1986); Turner v. State, 431 So.2d 328 (Fla. 3d DCA), rev. denied, 438 So.2d 834 (Fla. 1983); DeCastro v. State, 360 So.2d 474 (Fla. 3d DCA 1978), cert. denied, 368 So.2d 1365 (Fla. 1979).
Although we affirm the conviction, we reverse the sentence imposed and remand for resentencing. The state properly concedes that the trial court erred in relying on an unproven conviction when completing the sentencing scoresheet. "[W]hen the state offers prior convictions of disputed accuracy, the state must produce corroborating evidence." Morgan v. State, 550 So.2d 151, 153 (Fla. 3d DCA 1989) (citations omitted). The state failed to present such evidence; the scoresheet was therefore erroneously calculated, and the defendant's sentence must be reversed.
Affirmed in part, reversed in part, and remanded.
NOTES
[1] Before trial, defendant had filed a pro se motion asking the court not to honor any waivers of his presence made by his counsel without his express oral or written permission. The record does not indicate whether the trial court ever ruled on this motion or whether the defendant's attorney was even aware of the motion. However, the law is well-settled that a defendant is not entitled "to representation both by counsel and by himself." State v. Tait, 387 So.2d 338 (Fla. 1980). Furthermore, "[t]here is no reason why our system must tolerate dual pleadings filed by both the defendant's attorney and the defendant himself ... such filings should be treated as nullities." Smith v. State, 444 So.2d 542, 547 (Fla. 1st DCA 1984) (emphasis in original).