COWART, Judge,
dissenting.
During the course of a burglary the defendant attempted to commit a sexual battery on an occupant. There was but one touching (battery) of one person. The de *968 fendant was charged in one count with burglary with a battery (§ 810.02(2)(a), Fla. Stat.) and in a second count with attempted sexual battery (§§ 777.04; 794.011(5), Fla. Stat.) and convicted of both counts.
On appeal the defendant argues that attempted sexual battery is subsumed[1] within the charge and conviction of burglary with a battery, citing Bradley v. State, 540 So.2d 185 (Fla. 5th DCA 1989) and Spradley v. State, 537 So.2d 1058 (Fla. 1st DCA 1989).
In Bradley and Spradley, it was held that charging and convicting for burglary with a battery and simple battery as to a single factual event violates the federal and state constitutional double jeopardy clauses.
Burglary is a first degree felony if “in the course of committing” the burglary offense, the offender commits a battery upon any person. § 810.02(2)(a), Fla.Stat. This court in Bradley explained that because the enhanced burglary charge includes within it the offense of simple battery, the conviction for first degree burglary includes within it a “conviction” for battery so that constitutional double jeopardy principles prohibit a second separate battery conviction for the same battery that supports the conviction for burglary with a battery.
The analysis in Bradley v. State, applies to the facts in this case and requires a reversal of the attempted sexual battery conviction and sentence. Sexual battery is but one special species of battery and Bradley holds that when only one battery has occurred during a burglary, the defendant cannot, in effect, be convicted twice of the battery offense by being convicted of the double-based (two core) or compound[2] offense of burglary with a battery and also convicted again for the battery as a separate offense. It matters not in this case that the separate offense is a specific type of battery, being a sexual battery, because a battery is a battery is a battery. In addition, of course, every attempted crime (the attempted sexual battery here) is a necessarily lesser included offense of the crime which was attempted (§ 777.04, Fla. Stat.). In this case the battery (in the burglary with a battery offense of which the defendant was convicted) included the attempted sexual battery offense charged. There was only one battery accomplished and it was the State’s position that it was committed as part of the burglary charged as well as part of the attempt to commit a sexual battery, also charged.
The affirmance in this case of two battery convictions for conduct consisting of but one battery constitutes a direct conflict with Bradley and a violation of the defendant’s double jeopardy constitutional rights.[3]

. See § 775.021(4)(b)3., Fla.Stat. (1988), and State v. Rodriguez, 500 So.2d 120 (Fla.1986) (Shaw, J., concurring).

. See the extended discussion of a compound offense in the context of a double jeopardy identity of offense problem contained in the separate opinion in Foster v. State, 596 So.2d 1099 (Fla. 5th DCA 1992), involving theft offenses yoked with offenses involving violence against a person.

.See Grady v. Corbin, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990).