646 So.2d 288 (1994)
Paul Thomas WATSON, Appellant,
v.
STATE of Florida, Appellee.
No. 93-03153.
District Court of Appeal of Florida, Second District.
December 2, 1994.
*289 Thomas D. Wilson, Lakeland, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
THREADGILL, Judge.
Paul Thomas Watson challenges his convictions for burglary with a battery upon the occupant[1] and simple battery.[2] He was sentenced within the guidelines to twenty years in prison followed by ten years of probation for burglary and to time served in county jail for battery. We reverse the judgment and sentence for battery. We find no merit in the other issues the appellant raises on appeal.
The appellant contends and we agree that the simple battery is a lesser-included offense of burglary with a battery upon the occupant because both batteries arose out of the same factual event. Pope v. State, 614 So.2d 51 (Fla. 4th DCA 1993); Bradley v. State, 540 So.2d 185 (Fla. 5th DCA 1989); Spradley v. State, 537 So.2d 1058 (Fla. 1st DCA 1989). The appellant struck the victim once in the course of the burglary. Thus, the battery conviction violates the Double Jeopardy Clause.
We affirm not only the judgment for burglary but also the sentence because the battery reversal does not affect the recommended guideline score.
Affirmed in part; reversed in part.
RYDER, A.C.J., and ALTENBERND, J., concur.
NOTES
[1] §§ 810.02(1) and (2)(a), Fla. Stat. (1991).
[2] § 784.03, Fla. Stat. (1991).