654 So.2d 615 (1995)
Jorge Humberto FEBLES, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-1707.
District Court of Appeal of Florida, Third District.
May 3, 1995.
Bennett H. Brummer, Public Defender and Julie M. Levitt, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen. and Mark C. Katzef, Asst. Atty. Gen., for appellee.
Before NESBITT, COPE and GODERICH, JJ.
PER CURIAM.
The defendant appeals from his separate convictions for burglary with an assault and simple assault, and from the sentences ordered for these convictions. Upon review of the record as well as the state's confession of error, we affirm in part, reverse in part, and remand for resentencing.
The appellant was convicted of burglary with an assault, simple assault, criminal mischief and battery. In light of the conviction for burglary with an assault, his conviction for simple assault arising out of the same incident was a double jeopardy violation. See Slater v. State, 543 So.2d 424 (Fla. 5th DCA 1989); Smith v. State, 541 So.2d 1275 (Fla. 1st DCA 1989); Bradley v. State, 540 So.2d 185 (Fla. 5th DCA 1989). We therefore affirm the appellant's conviction for burglary with an assault but reverse the conviction and sentence for the separate count of simple assault. See State v. Barton, 523 So.2d 152 (Fla. 1988).
As to the appellant's conviction for burglary with an assault, while we affirm the conviction, the judgment form must be corrected. *616 At trial, the court orally adjudicated the defendant guilty of burglary with an assault, 810.02(2)(a), Florida Statutes (1993), pursuant to the jury's verdict. However, the judgment form incorrectly reflects a conviction for armed burglary, citing to 810.02(2)(b), Florida Statutes (1993), and we remand for correction of the judgment form to properly cite to 810.02(2)(a).
Furthermore, the trial court committed a second error at sentencing by failing to require the state to submit corroborating evidence of the appellant's prior federal conviction and to submit evidence of that conviction's Florida felony equivalent for sentence scoring purposes. We affirm the appellant's conviction for burglary with an assault, but remand that count for resentencing upon production of evidence of the nature of the federal conviction and its conversion into an equivalent Florida score, necessary for a proper determination of the appellant's sentence. See Brantley v. State, 570 So.2d 364 (Fla. 3d DCA), dismissed, 576 So.2d 285 (Fla. 1990); Morgan v. State, 550 So.2d 151 (Fla. 3d DCA 1989). We affirm the appellant's remaining convictions.
Accordingly, we affirm in part, reverse in part and remand.