Larry WILLIAMS, Petitioner–Appellant,

v.

Harry K. SINGLETARY, Respondent–Appellee.

No. 93–4813.

United States Court of Appeals, Eleventh Circuit.

April 1, 1996.

Allison Marie Igoe, Brenda Bryn, Asst. Federal Public Defender, Kathleen Williams, Federal Public Defender, Miami, FL, for appellant.

Joan L. Greenberg, Atty. Gen., West Palm Beach, FL, for appellee.

Before KRAVITCH, DUBINA and CARNES, Circuit Judges.

CARNES, Circuit Judge:

Larry Williams is a Florida prisoner seeking 28 U.S.C. § 2254 relief from a state court prison sentence. He appeals the district court's denial of his petition for a writ of habeas corpus. Williams contends that his right under the Fifth and Fourteenth Amendments to be free from double jeopardy was violated when he was convicted and sentenced for both burglary with an assault (first degree burglary) and assault. Because the Double Jeopardy Clause bars cumulative punishments for a single incident of criminal behavior unless there exists a clearly expressed legislative intent to the contrary, we reverse the judgment of the district court and remand with instructions to grant the writ in part.

## I. BACKGROUND

Williams was charged by information in November 1981 and was convicted in March 1983 by a jury in the Seventeenth Circuit Court of Broward County, Florida. The four counts of the information (and the jury verdict as to each count) were as follows:

(1) Robbery with a firearm or other deadly weapon contrary to Fla.Stat. §§ 812.13(1) and 812.13.(2)(a) (convicted of lesser included offense of robbery without a firearm or other deadly weapon);

(2) Kidnapping contrary to Fla.Stat. § 787.01 (convicted of lesser included offense of assault);

(3) Attempted sexual battery contrary to Fla.Stat. §§ 777.04(1), 777.04(4), and 794.011(4)(a) (acquitted);

(4) Burglary with an assault, which is first degree burglary, contrary to Fla.Stat. §§ 810.02 and 810.07 (convicted).

■ The sole issue presented in this appeal is whether Williams' conviction and sentences for assault under Count II of the information and for burglary with assault under Count IV of the information violate double jeopardy principles. The district court's holding that double jeopardy principles were not violated under the facts and circumstances of this case involves an issue of law, which we review *de novo*. *E.g., United States v. Reed*, 937 F.2d 575, 577 n. 4 (11th Cir.1991).

## II. DISCUSSION

### A. Constitutional Principles

The Fifth Amendment to the United States Constitution guarantees that no person "shall be subject for the same offence to be twice put in jeopardy of life or limb," U.S. Const. amend. V, and applies to the states through the Fourteenth Amendment, *e.g., Benton v. Maryland*, 395 U.S. 784, 787, 89 S.Ct. 2056, 2058, 23 L.Ed.2d 707 (1969). "That guarantee ... consist[s] of three separate constitutional protections. It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969) (footnotes omitted), *overruled on other grounds, Alabama v. Smith*, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). This case concerns only the third protection of the Double Jeopardy Clause, the protection from multiple punishments for the same offense.

■ "Where the same conduct violates two statutory provisions, the first step in the double jeopardy analysis is to determine whether the legislature ... intended that each violation be a separate offense." *Garrett v. United States*, 471 U.S. 773, 778, 105 S.Ct. 2407, 2411, 85 L.Ed.2d 764 (1985). The Double Jeopardy Clause does not prohibit cumulative punishments for a single incidence of criminal behavior when the legislature clearly intends to prescribe cumulative punishments. In the context of cumulative punishments, the "interest that the Double Jeopardy Clause seeks to protect" is " 'limited to ensuring that the total punishment did not exceed that authorized by the legislature.' " *Jones v. Thomas*, 491 U.S. 376, 381, 109 S.Ct. 2522, 2525, 105 L.Ed.2d 322 (1989) (quoting *United States v. Halper*, 490 U.S. 435, 450, 109 S.Ct. 1892, 1903, 104 L.Ed.2d 487 (1989)); *accord Garrett*, 471 U.S. at 778–83, 105 S.Ct. at 2411–13 (1985); *Ohio v. Johnson*, 467 U.S. 493, 499–500, 104 S.Ct. 2536, 2540–41, 81 L.Ed.2d 425 (1984); *Missouri v. Hunter*, 459 U.S. 359, 366–69, 103 S.Ct. 673, 678–79, 74 L.Ed.2d 535 (1983); *United States v. Stewart*, 65 F.3d 918, 927 (11th Cir.1995), *cert. denied*, —— U.S. ——, 116 S.Ct. 958, 133 L.Ed.2d 881 (1996). "With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Hunter*, 459 U.S. at 366, 103 S.Ct. at 678.

■ Although the Double Jeopardy Clause does not flatly prohibit the legislature from punishing the same conduct under two different statutes, we assume that the legislature ordinarily does not intend to do so " 'in the absence of a clear indication of contrary legislative intent.' " *Hunter*, 459 U.S. at 366, 103 S.Ct. at 678 (quoting *Whalen v. United States*, 445 U.S. 684, 691–92, 100 S.Ct. 1432, 1437–38, 63 L.Ed.2d 715 (1980)); *see also Garrett*, 471 U.S. at 779, 105 S.Ct. at 2411 (holding that multiple punishments are permissible "when the legislative intent is clear from the face of the statute or the legislative history"); *Johnson*, 467 U.S. at 499 n. 8, 104

S.Ct. at 2541 n. 8 ("[I]f it is *evident* that a state legislature intended to authorize cumulative punishments, a court's inquiry is at an end." (emphasis added)); *Stewart,* 65 F.3d at 928 (stating that multiple punishments are allowed "when the relevant statutes on their face indicate a clear legislative intent"); *United States v. Kaiser,* 893 F.2d 1300, 1304 (11th Cir.1990) ("If the statutes under which the defendant was sentenced *specifically authorize* cumulative punishments ... a court may impose cumulative punishment without running afoul of the Double Jeopardy Clause." (emphasis added)).

Absent a clear indication of contrary legislative intent, we apply the "same-elements" test of *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), to determine whether a single criminal incident may be cumulatively punished under separate statutory provisions. The Supreme Court recently described the mechanics of the *Blockburger* test as follows:

> [W]here the two offenses for which the defendant is punished or tried cannot survive the "same-elements" test, the double jeopardy bar applies. The same-elements test, sometimes referred to as the "*Blockburger*" test, inquires whether each offense contains an element not contained in the other; if not, they are the "same offence" and double jeopardy bars additional punishment and successive prosecution.

*United States v. Dixon,* 509 U.S. 688, ——, 113 S.Ct. 2849, 2856, 125 L.Ed.2d 556 (1993).

■ To summarize, our review of a potential double jeopardy violation arising from a single prosecution is a two-stage analysis. First, we ascertain whether there exists a clear legislative intent to impose cumulative punishments, under separate statutory provisions, for the same conduct. If a clear indication of such intent exists, our inquiry is at an end and the double jeopardy bar does not apply. If there is no clear indication of legislative intent to impose cumulative punishments, we examine the relevant statutes under the same-elements test of *Blockburger.* Under that test, if each statutory offense requires proof of an element not contained in the other, the offenses are not the "same" and double jeopardy is no bar to cumulative punishment. Otherwise, double jeopardy principles prohibit cumulative punishment.

### B. Legislative Intent

■ We begin our analysis of legislative intent by examining the language of the statutes themselves. Florida's burglary statute, in its entirety, provides as follows:

**810.02. Burglary**

(1) "Burglary" means entering or remaining in a structure or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain.

(2) Burglary is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, s. 775.083, or s. 775.084, if, in the course of committing the offense, the offender:

(a) Makes an assault or battery upon any person.

(b) Is armed, or arms himself within such structure or conveyance, with explosives or a dangerous weapon.

(3) If the offender does not make an assault or battery or is not armed, or does not arm himself, with a dangerous weapon or explosive as aforesaid during the course of committing the offense and the structure or conveyance entered is a dwelling or there is a human being in the structure or conveyance at the time the offender entered or remained in the structure or conveyance, the burglary is a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. Otherwise, burglary is a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

Fla.Stat.Ann. § 810.02 (West 1994).

Florida's assault statute, in its entirety, provides as follows:

**784.011. Assault**

(1) An "assault" is an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in

such other person that such violence is imminent.

(2) Whoever commits an assault shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.

Fla.Stat.Ann. § 784.011 (West 1992).

The language of Florida's burglary and assault statutes provides no answer to the question of whether the Florida Legislature intended to punish assault, and first degree burglary with assault, as separate offenses.[1] We turn now to Florida's rules of statutory construction. The version of those rules in effect at the time Williams committed the criminal acts provided, in relevant part:

**775.021. Rules of construction**

(1) The provisions of this code and offenses defined by other statutes shall be strictly construed; when the language is susceptible of differing constructions, it shall be construed most favorably to the accused.

. . . . .

(4) Whoever, in the course of one criminal transaction or episode, commits an act or acts constituting a violation of two or more criminal statutes, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense, excluding lesser included offenses, committed during said criminal episode, and the sentencing judge may order the sentences to be served concurrently or consecutively.

Fla.Stat. ch. 775.021 (1981). The rules indicate that separate punishments are intended when single acts constitute multiple statutory violations, but they also carve out an exception for lesser included offenses. Further, the rules mandate that the statutes be construed most favorably to the accused in cases of ambiguity. It does seem obvious to us

that assault must be a lesser included offense of any crime that is made a greater offense because of the same assault. We do not end our analysis here, however, in order to give full consideration to the State's arguments, which were accepted by the district court, that the relevant crime for lesser included offense analysis is ordinary burglary, that assault is not a lesser included offense of burglary, and that assault is a mere "enhancer for sentencing purposes" in the context of first degree burglary. We consider these arguments against the Florida case law relating to this issue.

The Florida Supreme Court has held that "the explicit exclusion of lesser included offenses in section 775.021(4) makes clear that the legislature does not intend separate convictions and punishments for two or more statutorily defined offenses when in fact only one crime has been committed." *Bell v. State,* 437 So.2d 1057, 1058 (Fla.1983). However, the Florida Supreme Court has also stated that "[w]here an offense is not a necessarily lesser included offense, based on its statutory elements, the intent of the legislature clearly is to provide for separate convictions and punishments for the two offenses." *State v. Baker,* 452 So.2d 927, 929 (Fla.1984). "[A] necessarily lesser included offense is one whose essential elements are included within the elements of the greater offense." *Id.* at 928.

We can perceive no difference between the *Baker* "necessarily lesser included offense" test for legislative intent and the traditional same-elements test of *Blockburger.* Cf. *Wicker v. State,* 462 So.2d 461, 463 (Fla.1985) (post-*Baker* case applying the same-elements test in concluding that double jeopardy does not bar conviction for both first degree burglary with a battery and sexual battery). However, prior to performing a same-ele-

---

1. We realize, of course, that separate punishments for factually separate although statutorily identical crimes do not raise double jeopardy concerns, even where the same victim is involved. For example, in this case the criminal episode began in the hall of the apartment building where the victim lived and continued into her apartment where Williams took her. Under such circumstances, it would have been possible for an assault to have been committed in the hall

and another assault to have been committed afterwards in the apartment, and for those two assaults to have been temporally distinct enough to be separate crimes. However, there is nothing in the trial record to suggest that is what occurred in this case, and the State has never argued that theory. Accordingly, we treat the assault for which Williams was convicted under Count I as the same assault involved in Count IV.

ments test, it is necessary to determine precisely what statutory crimes to compare. Stated differently, are the statutory elements of assault to be compared with the statutory elements of "burglary," with those of "first degree burglary," or with those of "burglary with an assault," which is a type of first degree burglary? Again, we turn to the Florida cases for guidance.

In *State v. Foreman*, 476 So.2d 662 (Fla. 1985), the Florida Supreme Court was asked the following certified question:

> May a defendant be convicted and sentenced for both sexual battery and first degree burglary punishable by life (which is enhanced from burglary to first degree burglary by reason of the commission of assault or battery in the course of the burglary) when the sexual battery is the same conduct on the basis of which the burglary charge is so enhanced?

*Id.* at 663. The court relied on the authority of *Wicker v. State*, 462 So.2d 461 (Fla.1985), in answering the question in the affirmative. In *Wicker*, the Florida Supreme Court engaged in a traditional *Blockburger* statutory elements analysis in arriving at the conclusion that first degree burglary and sexual battery could be separately and cumulatively punished. In the course of that analysis, the court demonstrated that the crime of sexual battery contains an element (sexual contact) not contained in burglary—whether the relevant crime is defined as "burglary," "first degree burglary," "burglary with a battery," or "burglary with an assault." *See id.* at 463. Therefore, it was unnecessary for the Florida Supreme Court to decide, and it did not decide, whether the result would have been the same had the double jeopardy question

been posed in the context of a simple battery or assault, instead of a sexual battery.

The Florida Supreme Court has not resolved the question of whether the Florida Legislature clearly intended to prescribe separate and cumulative punishments for first degree burglary and the underlying crimes that elevate it to a first degree offense. Neither has it addressed whether the statutory crime to be used for comparative purposes in a *Blockburger*-type analysis is "burglary," "first degree burglary," or "burglary with an elevating factor (assault, battery, or arms)." [2]

Because the Florida Supreme Court has not resolved the question, we turn next to Florida's intermediate appellate courts for guidance. "A federal court applying state law is bound to adhere to decisions of the state's intermediate appellate courts absent some persuasive indication that the state's highest court would decide the issue otherwise." *Silverberg v. Paine, Webber, Jackson & Curtis, Inc.*, 710 F.2d 678, 690 (11th Cir. 1983); *see also Bradbury v. Wainwright*, 718 F.2d 1538, 1540 (11th Cir.1983); *Flintkote Co. v. Dravo Corp.*, 678 F.2d 942, 945 (11th Cir.1982). We are so bound regardless of whether we agree with the intermediate state appellate court's reasoning or the outcome the decision dictates. *Silverberg*, 710 F.2d at 690.

In *Febles v. State*, 654 So.2d 615 (Fla. 3d DCA 1995), Florida's Third District Court of Appeal addressed the precise question presented by this case. The defendant in *Febles* was convicted for both burglary with an assault and simple assault. On appeal, the court held, "In light of the conviction of burglary with an assault, [the defendant's] conviction for simple assault arising out of the same incident was a double jeopardy

**2.** The district court relied, in part, on commentary to the Florida Standard Jury Instructions, approved by the Florida Supreme Court, in determining that the Florida legislature intended to provide separate and cumulative punishments for assault and first degree burglary with an assault. Commentary to jury instructions is a slender reed upon which to build clear legislative intent, and this commentary is ambiguous, in any event. On the one hand, it refers to an assault that elevates burglary to a first degree offense as a penalty "enhancement" of the underlying offense of burglary (arguably implying that the

legislature intended dual punishments). On the other hand, the same commentary states that "[i]n practice, this is similar to the concept of lesser included offenses" (arguably implying that the double jeopardy bar should apply). *See* Supreme Court Comm. on Standard Jury Instructions in Criminal Cases, *Florida Standard Jury Instructions in Criminal Cases* 284 (1981). We are not persuaded that this ambiguous commentary can suffice for the clear indication of legislative intent required by *Hunter* and its progeny for the imposition of cumulative punishments.

violation." *Id.* The same issue has also arisen in the context of burglary with a battery in both the First and Fifth District Courts of Appeal. In each case where the question has arisen, the Florida appellate courts have held that double jeopardy bars cumulative punishment for burglary in the first degree, when it is elevated to that degree because of a battery or assault, and the underlying battery or assault offense. *See Bradley v. State*, 540 So.2d 185, 186–87 (Fla. 5th DCA 1989); *Slater v. State*, 543 So.2d 424, 425 (Fla. 5th DCA 1989); *Smith v. State*, 541 So.2d 1275, 1276 (Fla. 1st DCA 1989); *Spradley v. State*, 537 So.2d 1058, 1061 (Fla. 1st DCA 1989). The analysis of the *Spradley* court is particularly instructive:

> In the instant case, appellant was convicted and sentenced for the first degree felony of burglary with a battery ... and the first degree misdemeanor of simple battery.... Unlike the Missouri Legislature in *Hunter*, the legislature in our case has not made it "crystal clear" that it intended to convict and punish a defendant for both a simple battery under Section 784.03, and burglary under Section 810.02(2)(a), which is enhanced to a first degree felony punishable by life by reason of the commission of the battery. Accordingly, ... because the legislative intent is unclear as to whether separate convictions and sentences should be imposed, this case should be analyzed under the test articulated in *Blockburger*.

*Spradley*, 537 So.2d at 1061. The court went on to apply the *Blockburger* test and concluded, as has every Florida intermediate appellate court to consider the question, that a defendant could not be convicted and punished for both first degree burglary and battery where the same battery was used to establish both crimes. Those four decisions are to be added to the *Febles* decision, because it makes no difference whether the lesser offense conviction and elevating element is assault or is battery. Either one will suffice under Florida law to elevate burglary to burglary in the first degree, and either one can serve as a separate criminal offense.

In summary, the State has not directed us to, nor have we found, any authority clearly indicating that the Florida Legislature intended to prescribe cumulative convictions and punishments for both assault and the first degree felony of burglary with an assault arising out of the same criminal act. Likewise the State has not directed us to, nor have we found, any Florida Supreme Court case resolving whether the relevant statutory crime for analysis under the same-elements test of *Blockburger* is "burglary," "first degree burglary," or "burglary with an assault." On the other hand, there are five decisions from Florida's intermediate courts of appeal indicating that the Florida Legislature did *not* clearly intend to prescribe cumulative punishments for assault and first degree burglary with an assault. Further, those cases indicate that the relevant crime for analysis under the *Blockburger* same-elements test is "burglary with an assault," and we agree with that conclusion.

### C. Application of the *Blockburger* "Same–Elements" Test

Comparing the elements that must be proved for the crime of assault and the crime of burglary with an assault, it is clear that although burglary with an assault requires proof of elements that assault does not, assault does not require proof of any element that burglary with an assault does not. The crime of assault is completely subsumed in the crime of burglary with an assault; there is no element of assault that need not be proven to establish a burglary with an assault. Because each offense as defined in the relevant statutes does not require proof of an element that the other does not, and because there is no clear indication of a legislative intent to authorize cumulative convictions and sentences for assault and burglary with an assault, the crimes "are the 'same offence' and double jeopardy bars additional punishment." *United States v. Dixon*, 509 U.S. 688, ——, 113 S.Ct. 2849, 2856, 125 L.Ed.2d 556 (1993). The Double Jeopardy Clause was violated when Williams was convicted and sentenced for both assault and burglary with an assault.

### D. The Remedy

For the assault conviction, Williams was sentenced to time served. For the rob-

bery conviction and the burglary with an assault conviction, he was sentenced to fifteen years and to life in prison, respectively. Because Williams has already served his sentence for assault—indeed, served it before he was even sentenced—he contends that the appropriate remedy is to vacate the life sentence he received for the burglary with an assault conviction. We disagree. Williams is not entitled to a windfall. Analogous Florida cases have indicated that the appropriate remedy in this circumstance is to set aside the conviction and sentence for the lesser offense, not the greater. *See State v. Barton,* 523 So.2d 152, 153 (Fla.1988); *Febles,* 654 So.2d at 615; *Bradley,* 540 So.2d at 187; *Slater,* 543 So.2d at 425; *Spradley,* 537 So.2d at 1061. That is the proper remedy.

The only harm Williams has suffered is entry of the assault conviction and use of his time served as the sentence for that conviction. His assault conviction and sentence should be vacated by the state courts, and the time served that was counted as his assault sentence should instead be credited against one or both of his two remaining sentences. The district court should fashion a conditional grant of the writ to accomplish that remedy.

## III. CONCLUSION

We REVERSE the judgment of the district court and REMAND for further proceedings consistent with this opinion.