679 So.2d 1269 (1996)
Elliot Reno WHATLEY, Petitioner,
v.
STATE of Florida, Respondent.
No. 96-00802.
District Court of Appeal of Florida, Second District.
September 20, 1996.
Elliot Reno Whatley, Pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Davis G. Anderson, Jr., Assistant Attorney General, Tampa, for Respondent.
PER CURIAM.
Elliot Reno Whatley's petition for writ of habeas corpus claims ineffective assistance of appellate counsel. It is asserted that counsel should have argued that the prohibition against double jeopardy had been violated when Whatley was convicted of first degree burglary and also convicted of the aggravated battery used to enhance the burglary. Whatley's argument appears to have merit. We grant the petition.
On January 17, 1991, Whatley was charged with, and subsequently convicted of, attempted first degree murder, aggravated battery, and burglary with a battery or while armed.[1] *1270 Appellate counsel successfully contested the habitual offender sentences imposed; however, by opinion dated March 12, 1993, this court affirmed the convictions. Whatley v. State, 614 So.2d 689 (Fla. 2d DCA), rev. dism'd, 618 So.2d 1370 (Fla.1993).[2] The double jeopardy argument has never been raised.
This court has recently held that battery is a lesser included offense of burglary with a battery.[3] Unfortunately, at the time of Whatley's appeal the issue was not completely settled. However, counsel's failure to raise the issue on appeal is not excused because there was binding case law in effect at the time the appeal was pending upon which to base the double jeopardy argument. See Ellison v. State, 545 So.2d 480 (Fla. 5th DCA 1989); Bradley v. State, 540 So.2d 185 (Fla. 5th DCA 1989). See also Cleveland v. State, 587 So.2d 1145 (Fla.1991) (when robbery is enhanced due to use of a firearm, the use of the same firearm cannot form the basis of a separate conviction for use of a firearm while committing a felony); Graham v. State, 559 So.2d 410 (Fla. 2d DCA 1990) (dual convictions for attempted armed robbery and use of a firearm during the commission of a felony constitute a violation of double jeopardy); Perez v. State, 528 So.2d 129 (Fla. 3d DCA 1988) (display of firearm conviction was cumulative punishment when the same act of using a weapon was basis of enhancement of attempted first-degree murder and robbery convictions). Cf. Dixon v. Singletary, 672 So.2d 602, 603 (Fla. 3d DCA 1996) (appellate counsel was ineffective because he should have been aware of a conflict between the districts on the double jeopardy issue for almost a full year before appellant's case was decided in the court of appeal).
Accordingly, the petition is granted. It is ordered that the trial court shall within ten days appoint appellate counsel to file a brief raising the double jeopardy issue in accordance with this opinion.
Petition granted.
PARKER, A.C.J., and PATTERSON and LAZZARA, JJ., concur.
NOTES
[1] This court cannot determine from the record before us, nor from the state's response to the petition, whether the enhancement of the burglary conviction from a second degree felony to a first degree felony was founded upon the charged battery or upon the fact that Whatley was armed. Accordingly, this court shall base its analysis on the presumption that the aggravated battery conviction was the basis of the enhancement.
[2] In a second appeal, Whatley's sentences were affirmed; however, the matter was remanded for the judgment to designate the burglary offense to be a first degree felony punishable by life rather than a life felony. Whatley v. State, 640 So.2d 1201 (Fla. 2d DCA 1994).
[3] See Bronson v. State, 654 So.2d 584 (Fla. 2d DCA 1995); Watson v. State, 646 So.2d 288 (Fla. 2d DCA 1994). See also Febles v. State, 654 So.2d 615 (Fla. 3d DCA 1995) (conviction for burglary with an assault and conviction for assault violates double jeopardy).