NORTHCUTT, Chief Judge.
In 2001, Raymond Avila was convicted of burglary with a battery and the additional offense of battery as a lesser included offense of sexual battery. He was sentenced to twenty-five years in prison for the burglary and to a concurrent 364 days for the battery. He filed a timely motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, and he appeals the denial of relief after an eviden-tiary hearing. We reverse the denial of relief on a single claim and affirm on the remaining claims without further discussion.
*779 Avila argues that a double jeopardy violation occurred when he was convicted and sentenced for both burglary with a battery and battery. Although the prosecutor below attempted to avoid this conclusion by pointing out that Avila was charged with sexual battery and only convicted of battery as a lesser included offense of that charge, the State on appeal concedes that Avila may have a valid claim. We agree that if only a single battery occurred, the protection against double jeopardy was violated by convictions for both burglary with battery and battery. See Watson v. State, 646 So.2d 288 (Fla. 2d DCA 1994); see also Bradley v. State, 540 So.2d 185 (Fla. 5th DCA 1989). Accordingly, we reverse the denial of relief on this claim. On remand, the court may again deny relief if it can attach portions of the record conclusively showing that multiple batteries occurred. Failing that, the postconviction court must vacate the battery conviction.
Affirmed in part, reversed in part, and remanded with directions.
WHATLEY and VILLANTI, JJ., Concur.