648 So.2d 274 (1995)
Darryl HAMRICK, Appellant,
v.
STATE of Florida, Appellee.
No. 94-0859.
District Court of Appeal of Florida, Fourth District.
January 4, 1995.
*275 Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Georgina Jimenez-Orosa, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Having concluded that double jeopardy is not involved, we affirm appellant's convictions for strong arm robbery and battery upon a person sixty-five years of age or older.
Appellant could properly be convicted of both robbery and battery, regardless of the victim's age. The legislature has clearly set forth its intent to punish a defendant for all criminal offenses which occurred in the course of one criminal transaction or episode. Section 775.021(4)(b), Florida Statutes (1991), provides in pertinent part:
(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
This section codified the test established in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) (whether each provision requires proof of an additional fact which the other does not), and "permits dual convictions and sentences for offenses based on one act, subject to certain enumerated exceptions." State v. McCloud, 577 So.2d 939, 940 (Fla. 1991).
State v. Smith, 547 So.2d 613 (Fla. 1989), provides a critical analysis of the legislature's intent in amending section 775.021 to reflect the above. The statute was revised to include a specific statement of legislative intent on the question of whether a single act could be the basis for multiple convictions. Smith, 547 So.2d at 615. The supreme court, interpreting section 775.021, concluded the following:
(1) ... Multiple punishment shall be imposed for separate offenses even if only one act is involved.
(2) ... Absent a statutory degree crime or a contrary clear and specific statement of legislative intent in the particular criminal offense statutes, all criminal offenses containing unique statutory elements shall be separately punished.
(3) Section 775.021(4)(a) should be strictly applied without judicial gloss.
(4) ... [T]he statutory element test shall be used for determining whether offenses are the same or separate.
Id. at 616 (footnotes omitted).
Section 775.021(4)(a), Florida Statutes (1991), specifically provides that, "offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the *276 proof adduced at trial." See also McCloud, 577 So.2d at 941 (for purposes of § 775.021(4), an offense is a lesser included offense only if the greater offense "necessarily" includes the lesser offense); Brown v. State, 569 So.2d 1320, 1322 (Fla. 1st DCA 1990), quoting State v. Baker, 452 So.2d 927 (Fla. 1984) ("Where an offense is not a necessarily lesser included offense, based on its statutory elements, the intent of the legislature clearly is to provide for separate convictions and punishments for the two offenses").
The statutory elements of robbery consist of: a taking of money or property from the person or custody of another; by force, violence, assault or putting in fear; with intent to deprive the person or the owner of the money or other property. § 812.13, Fla. Stat. (1991). The statutory elements of battery are: an actual and intentional touching or striking of another person against the will of the other person; or intentionally causing bodily harm to an individual. § 784.03(1), Fla. Stat. (1991). Appellant's convictions for both battery and robbery do not violate double jeopardy since each offense requires proof an element that the other does not. Robbery requires proof of a taking or depriving of property, an element that battery does not require. In contrast, the crime of battery requires an actual and intentional touching of the victim, which is not necessarily an element of robbery. During a robbery the robber could place the victim "in fear," thereby satisfying the force or violence element of robbery, without satisfying the intentional or actually touching element of battery. It does not matter that the force used in this case constituted both an element of battery and an element of robbery since the determining factor in double jeopardy cases is whether the crimes contain unique statutory elements from one another. Therefore, the trial court did not violate the constitutional provisions of double jeopardy by entering separate convictions and sentences for robbery and battery, because each crime requires proof of an element that the other does not.[1]
On the issue of restitution, appellant had no opportunity to voice an objection at the sentencing hearing because the trial court did not state the amount of restitution it was ordering appellant to pay; therefore, this issue is properly before this court. See Howren v. State, 510 So.2d 1142, 1144 (Fla. 2d DCA 1987).
The imposition of restitution without notice or a hearing is error. Dominique v. State, 590 So.2d 1059 (Fla. 4th DCA 1991); Mounds v. State, 526 So.2d 1084 (Fla. 4th DCA 1988). Although the trial court did not err in ordering appellant to pay restitution, it did so when it imposed a restitution amount in the written order with no mention during the sentencing hearing of the amount of restitution, the manner in which restitution was determined, or appellant's ability to pay. See Palag v. State, 622 So.2d 1151 (Fla. 1st DCA 1993).
Before a trial court grants a motion for restitution, it shall consider several factors, including the loss by the victim and appellant's ability to pay restitution. § 775.089(6), Fla. Stat. (1993). See also Strickland v. State, 610 So.2d 705 (Fla. 4th DCA 1992). "[T]he trial court may not rely upon unsworn testimony and solely upon argument of counsel as the basis for determining the amount of restitution." Strickland, *277 610 So.2d at 707. Also, the trial court has an affirmative duty to conduct a hearing to determine the credibility of the witnesses as to evidence applicable to the amount of restitution. Langston v. State, 626 So.2d 206 (Fla. 4th DCA), rev. denied, 626 So.2d 206 (Fla. 1993).
In the instant case, there was no testimony regarding restitution. The trial court apparently relied upon counsels' arguments and the victim's impact statement in determining the amount of restitution. There were discussions by counsel at the sentencing hearing about the fact that appellant tried to charge a $141 lunch to the victim's credit card; and that the victim had not reported a bracelet missing until four days after the robbery. However, such discussions were not mentioned with reference to an order of restitution. Accordingly, we reverse the order of restitution and remand with direction to proceed in accordance with the foregoing.
GLICKSTEIN and FARMER, JJ., and HUBBART, PHILLIP A., Associate Judge, concur.
NOTES
[1] Section 784.08, Florida Statutes (1991), provides for a reclassification of offenses when the victim of an assault or battery is 65 years of age or older. In the case of a simple battery, the offense is reclassified from a first degree misdemeanor to a third degree felony. § 784.08(2)(c). In order for the crime to be reclassified, the elements of simple battery must be proven, and since we have found that simple battery contains an element unique to that of robbery, it follows that this reclassification statute contains an element which robbery does not. Further, under the statute in effect at the time appellant committed the crimes in this case, the reclassification would occur when the defendant knowingly committed the battery on a person 65 years of age or older. § 784.08(2). The "enhancement of a misdemeanor battery to a third degree felony based on the victim's age requires the defendant to know that he or she is battering a person 65 or older." Cochran v. State, 622 So.2d 166, 167 (Fla. 2d DCA 1993); see also State v. Nelson, 577 So.2d 971 (Fla. 4th DCA 1991). Thus, an even stronger argument against a double jeopardy violation can be made in this case since knowledge of the victim's age, an element of the reclassification statute, is not an element of robbery.