PER CURIAM.
The appellant, Theodore Williams, a/k/a Reginald Williams, appeals the trial court’s judgments and sentences. We affirm the appellant’s convictions, however, we find that the trial court erred in ordering him to pay restitution and, accordingly, reverse and remand for resentencing.
The appellant was charged in case number 94-6117 with burglary of a structure and felony petit theft, in violation of sections 810.02(3) and 812.014(2)(d), Florida Statutes (1993). The appellant was also charged in case number 94-6664 with burglary of a structure and third degree grand theft, in violation of sections 810.02(3) and 812.014(2)(c)(l), Florida Statutes (1993). The appellant signed a written plea form which stated that he had received notice that he would be treated as a habitual offender and that he was pleading guilty to the lesser included offense of trespass of a structure in ease number 94-6117 and to the remaining charges in that case and in case number 94-6664.
At the plea hearing, the appellant’s counsel indicated that after signing the plea form the appellant changed his mind regarding his plea two times. The appellant then indicated to the court that he wanted to go to trial, however, moments later his counsel stated that the appellant wanted to plead. After the appellant was sworn, the state presented a factual basis for both cases and the appellant’s counsel stated that she had no objections to the factual basis. The trial court conducted a thorough inquiry with the appellant and subsequently accepted his guilty plea.
At the sentencing hearing, the appellant moved to withdraw his guilty plea as to ease number 94-6664 on the grounds that he was not guilty. The trial court denied the motion. At the conclusion of the sentencing hearing after imposing the sentences, the trial court indicated that it was going to impose a “minimal amount” of restitution.
The trial court subsequently adjudicated the appellant guilty and sentenced him in case number 94-6117 to time served for the trespass of a structure count and as a habitual felony offender to five years in prison for the felony petit theft count. In case number 94-6664, the trial court adjudicated the appellant guilty and sentenced him as a habitual felony offender to five years in prison for the burglary of a structure count and to five years in prison for the third degree grand theft count, both counts to run concurrently with each other and with the sentence in case number 94-6117. Restitution in the amount of $1460 was also ordered in case number 94-6664. A timely notice of appeal was filed.
The appellant first contends that the trial court erred in denying his motion to withdraw his guilty plea. We disagree since the appellant’s argument that he was not guilty was not sufficient for the appellant to meet his burden of establishing good cause to withdraw his plea. See Ostermann v. State, 183 So.2d 873 (Fla. 2d DCA 1966).
The appellant next contends that the trial court erred in ordering restitution in the amount of $1460. We agree. The trial court imposed restitution without any mention of the amount of restitution, the manner in *910 which restitution was determined, or the appellant’s ability to pay. Hamrick v. State, 648 So.2d 274 (Fla. 4th DCA 1995); § 775.089(6), Fla.Stat. (1993).
The state, however, argues that the appellant failed to preserve for appeal the issue of restitution since he failed to object to the imposition of restitution at the sentencing hearing. We disagree. The appellant had no opportunity to voice an objection because the trial court did not state at the sentencing hearing the amount of restitution it was ordering the appellant to pay. See Howren v. State, 510 So.2d 1142 (Fla. 2d DCA 1987). See also Hamrick, 648 So.2d at 276.
Accordingly, we reverse and remand for the trial court to hold a hearing to determine the amount of the victims’ loss and the appellant’s ability to pay.
Reversed and remanded for resentencing.
SCHOONOVER, A.C.J., and PARKER and ALTENBERND, JJ., concur.