PER CURIAM.
The defendant, Bennie Jenkins, appeals his convictions for grand theft of a firearm and obtaining property by worthless check. Because the defendant failed to address his appellate arguments concerning the grand theft of a firearm charge to the trial court in a motion for judgment of acquittal, he did not preserve the issue for appellate review. See Hardman v. State, 584 So.2d 649 (Fla. 1st DCA 1991); Johnson v. State, 478 So.2d 885 (Fla. 3d DCA 1985), appeal dismissed, 488 So.2d 830 (Fla.1986); see generally, Steinhorst v. State, 412 So.2d 332 (Fla.1982) (holding specific legal ground must be asserted as an objection, exception or motion before the trial court to be cognizable on appeal). Accordingly, we affirm the conviction without discussion.
With respect to the worthless check conviction, the trial court imposed restitution without stating the amount and the manner in which it was determined and without determining the defendant’s ability to pay. Accordingly, we reverse and remand for the trial court to hold a hearing to determine the amount of the loss and the defendant’s ability to pay. See Williams v. State, 673 So.2d 908 (Fla. 2d DCA 1996).
Affirmed in part, reversed in part and remanded with instructions.
PARKER, A.C.J., and FULMER and NORTHCUTT, JJ., concur.