688 So.2d 1010 (1997)
Gary MAULTSBY, Appellant,
v.
The STATE of Florida, Appellee.
No. 96-941.
District Court of Appeal of Florida, Third District.
March 5, 1997.
*1011 Bennett H. Brummer, Public Defender, and Ralph U. Barreira, Special Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Sylvie Perez Posner, Assistant Attorney General, for appellee.
Before JORGENSON, GREEN and SHEVIN, JJ.
GREEN, Judge.
Gary Maultsby proceeded to a jury trial on a four count information which charged strong-arm robbery, two counts of battery on a person 65 years or older and petit theft. The petit theft count was nolle prossed by the state and the trial court acquitted Maultsby of one count of battery on a person 65 years or older. Thereafter, the jury acquitted Maultsby of the remaining battery charge but convicted him of the strong-arm robbery. Maultsby timely filed this appeal and raises two issues.
He first asserts that his conviction for strong-arm robbery is inconsistent with his acquittal for battery on the same victim and thus violative of the double jeopardy provisions of both the Florida and United States Constitutions. Maultsby points out that the statutory elements of a robbery are: the taking of money or other property from the person or custody of another by force, violence, assault or putting in fear with intent to deprive the person or the owner of the money or property. § 812.13, Fla. Stat. (1993); Hamrick v. State, 648 So.2d 274, 276 (Fla. 4th DCA 1995). Further, the statutory elements of a battery are: an actual and intentional touching or striking of another person against the will of the other person; or intentionally causing bodily harm to an individual. § 784.03, Fla. Stat. (1993); Hamrick, 648 So.2d. at 276. Maultsby, makes the argument then that where the jury found him not guilty of intentionally touching or striking the victim, he could not have simultaneously been found guilty of robbing the same victim by force, violence or putting in fear. He therefore asserts that his right not to be placed in double jeopardy was violated and his robbery conviction must be reduced to petit theft. We disagree.
We find that Maultsby's right against double jeopardy was not implicated below where each of the offenses presented to the jury were separate and required proof of an element that the other did not. Hamrick, 648 So.2d at 276. As the Hamrick court so poignantly observed:
Robbery requires proof of a taking or depriving of property, an element that battery does not require. In contrast, the crime of battery requires an actual and intentional touching of the victim, which is not necessarily an element of robbery. During a robbery the robber could place the victim "in fear", thereby satisfying the force or violence element of robbery, without satisfying the intentional or actual[] touching element of battery.
Thus, it is clear that Maultsby could have legally been found guilty of a robbery but not of a battery in the same criminal episode.
As to his remaining argument, Maultsby asserts that the trial court erred in *1012 overruling his Slappy[1] objection to the state's peremptory challenge of one of the venirepersons. Our review of the record, however, reveals that this issue was not properly preserved for appellate review where Maultsby accepted the panel by failing to renew his objection prior to the jury being sworn. See Melbourne v. State, 679 So.2d 759, 765 (Fla.1996); Joiner v. State, 618 So.2d 174, 176 (Fla.1993); Portela v. State, 661 So. 2d 932, 932 (Fla. 3d DCA 1995); Cruz v. State, 660 So.2d 792, 793 (Fla. 3d DCA 1995), rev. denied, 667 So.2d 774 (Fla.1996).
Affirmed.
NOTES
[1] State v. Slappy, 522 So.2d 18 (Fla.), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988).