DAUKSCH, J.
This is an appeal from convictions for Robbery, Trespass and Battery.
Appellant claims it is violative of double jeopardy rights for him to have been convicted of both robbery and battery because the battery, under the facts of this case, was inherent in the commission of the robbery. We agree.
Appellant was seen stealing clothes from a store and was confronted by a security guard. After pushing the guard appellant fled and was later caught. At trial the jury rendered its verdict of guilt thusly: “We the jury find the Defendant guilty of Robbery (Subsequent Force), as charged in the Information.” This interrogatory verdict was based upon the evidence that as appellant left the store with the clothes he was committing a theft; when he pushed the security guard he committed a battery and by that battery converted the theft into a robbery. These two convictions cannot stand, so the battery conviction must be vacated. See Crawford v. State, 662 So.2d 1016 (Fla. 5th DCA 1995); Slater v. State, 543 So.2d 424 (Fla. 5th DCA 1989). Because the charge of robbery in this case alleges the taking “and subsequent to said taking in a continuous series of acts or events with said taking [he] did use forcé violence, assault, or putting in fear” and because the jury was specifically asked to and did find him guilty of robbery with “subsequent force,” the theft and the force are inextricably bound together to form the robbery. Said another way, the only battery committed in this case was one of the necessary elements of the charge and conviction for the robbery. Still another analysis would show that the battery enhanced the theft to constitute the robbery. This is the same result reached in Crawford where a battery committed during a burglary enhanced the burglary to a higher-degree felony and this court said the defendant could not also be convicted of the battery. Likewise, in Slater, this court held that one could not be convicted of both “burglary with a battery” and “battery” out of the same occurrence. The decision in this case is limited to the evidence in this case, the charges against this appellant, and the specific finding of the jury regarding the element of force being the very battery of which he was also found guilty. See Hamrick v. State, 648 So.2d 274 (Fla. 4th DCA 1995).
The Convictions for Robbery and trespass are affirmed. The conviction for battery is reversed.
AFFIRMED in part; REVERSED in part.
HARRIS and PETERSON, JJ., concur.