834 So.2d 272 (2002)
Tommy PHILLIPS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-3151.
District Court of Appeal of Florida, Fifth District.
December 6, 2002.
*273 James B. Gibson, Public Defender, and Marvin F. Clegg, Assistant Public Defender, Daytona Beach, for Appellant.
Richard E. Doran, Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
Tommy Phillips assaulted an elderly man in the restroom of a Hardee's restaurant and tried to steal his wallet. He was convicted, as charged, of attempted robbery and battery upon a person over 65 years of age and sentenced as a Prison Releasee Reoffender ("PRR"). He argues that the trial court erred in rejecting his argument that it was double jeopardy to convict him of both offenses where the battery was committed solely in furtherance of the attempted robbery. He also asserts the trial court erred in revoking his designation and sentence as a PRR upon his bringing to the trial court's attention the illegality of imposing consecutive PRR sentences for two crimes committed in a single criminal episode. We affirm.
On November 7, 1999, 70-year-old Donald Behrens went to breakfast with his wife at a Hardee's restaurant on Route 27 in Marion County. Behrens went to the restroom after breakfast and was accosted by a man who grabbed him from behind and put him in a choke/bear-hold. Behrens thought the man whispered, "Give me your wallet," or "Give me your money." Behrens tried to step back and the man spun him to the ground. The assailant attempted to reach into Behrens' pockets. Behrens yelled for help. His wife, with another man, raced into the restroom and Behrens' wife yelled to the assailant, "Get off of him." The assailant fled. Police returned with the appellant a few minutes later, whom Behrens identified as the person who attacked him.
As a result of this incident, the appellant was charged with attempted robbery and battery of a person over 65 years of age. The jury found Phillips guilty on both counts and the court sentenced him to two consecutive five year terms of incarceration as a PRR pursuant to the provisions of section 775.082(9), Florida Statutes (2000). Following the denial of his motion for new trial, the appellant timely filed an appeal of his judgment and sentence.
While the appeal was pending, the appellant filed in the trial court a motion to *274 correct his sentence.[1] In his motion, the appellant argued that, having been adjudicated and sentenced as a PRR, he could not also receive consecutive sentences for two offenses that were committed in the course of one criminal transaction.
At the hearing on the appellant's motion, the state conceded that the appellant could not be treated as a PRR and receive consecutive sentences for crimes committed in the course of a single transaction. The state further asserted, in light of the sentencing error, it was no longer recommending or requesting a PRR designation so that the five year sentences could be imposed consecutively. The court noted that if the PRR was omitted, the appellant would be able to get gain time and that, thus, if the PRR was omitted, "he gains a year-and-a-half there." The trial court thereupon resentenced appellant to two consecutive five year terms with the PRR designation specifically removed.
We address the double jeopardy question of the dual convictions first. Relying on Harrison v. State, 755 So.2d 820 (Fla. 5th DCA), rev. denied, 776 So.2d 277 (Fla.2000), the appellant argues the battery conviction must be vacated because the only battery that was committed was used to support the robbery conviction. In Harrison, the defendant was charged and convicted of robbery and battery where he stole clothes from a store and, when confronted by a security guard, pushed the guard out of his way. This court found the conviction for battery could not stand under such facts because the jury made a specific finding that the force used to elevate the theft into a robbery was the battery. No such finding was made by the jury in the instant case. The information, in fact, charged that appellant committed an attempted robbery by the use of "force, violence, assault or [by] put[ting] the [victim] in fear." The jury was capable of convicting appellant of a robbery through the use of an assault, or by otherwise putting the victim in fear without finding that the appellant committed a battery. The crime of battery, thus, was not subsumed by the attempted robbery. See Hamrick v. State, 648 So.2d 274 (Fla. 4th DCA 1995); accord Maultsby v. State, 688 So.2d 1010 (Fla. 3rd DCA 1997). Because the battery was not necessary to prove the robbery and the battery did not require proof of a theft, appellant was correctly convicted of both offenses.
Secondly, the appellant argues that the state attorney, subsequent to a PRR sentence being imposed, no longer has authority or discretion to seek removal of the PRR designation. PRR sanctions, however, are invoked solely at the discretion of the state. State v. Cotton, 769 So.2d 345 (Fla.2000). Section 775.082(9)(a)3., Florida Statutes, specifies that "the state attorney may seek to have the court sentence the defendant as a prison releasee reoffender." We conclude the state attorney can choose to request the removal of a PRR designation on a defendant, when the defendant, in a 3.800(b) motion to correct his sentence, points out that he cannot receive both the enhancement of PRR punishment and consecutive sentences.
The resentence imposed, moreover, is consistent with the underlying objective of the PRR Act. In Cotton, 769 So.2d 345 (Fla.2000), the Florida Supreme Court noted the PRR Act is designed to increase, not decrease the potential punishment of those who qualify for PRR status:
[W]hen the Act is properly viewed as a mandatory minimum statute, its effect is to establish a sentencing "floor." If a defendant is eligible for a harsher sentence "pursuant to [the habitual offender *275 statute] or any other provision of law," the court may, in its discretion, impose the harsher sentence.
Cotton, 769 So.2d at 354. Paragraph 775.082(9)(c) of the PRR specifically provides: "Nothing in this subsection shall prevent a court from imposing a greater sentence of incarceration as authorized by law, pursuant to s. 775.084 or any other provision of law." The statute's purpose is not furthered by limiting the ability of the court or the state to opt out of the PRR designation when it recognized, post-sentencing via a defendant's 3.800(b) motion to correct his or her sentence, that choosing to maintain the PRR designation could result in a lesser sentence.[2]
Rejecting both the resentencing and double jeopardy challenges, we affirm appellant's judgment and sentence.
AFFIRMED.
PETERSON and PALMER, JJ., concur.
NOTES
[1] Florida Rule of Criminal Procedure 3.800(b)(2) permits such a motion to be filed in the trial court if filed and served by a party "before the party's first brief is served."
[2] The appellant additionally argues his resentence "suggests a form of double jeopardy." In his special concurrence in State v. Ackerman, 785 So.2d 1229, 1231 (Fla. 4th DCA 2001), Judge Klein noted that increasing a defendant's sentence after sentencing violates the prohibition against double jeopardy. Here, in contrast to the case in Ackerman, the initial error did not favor the defendant. The correction of the error had to, and did, result in a lesser sentence being imposed.