STONE, J.
Dunbar, convicted of robbery and battery, asserts that the dual conviction amounts to double jeopardy. We disagree and affirm.
In the criminal incident, Dunbar attempted to snatch the victim’s purse. The victim, however, grabbed her purse and refused to relinquish it. Dunbar responded by lifting the victim up and swinging her completely around while she continued to grip the purse. Ultimately, the victim was forced to release the purse, but not before she suffered from two broken fingers and the dislocation of another. Both the victim and a bystander identified Dunbar as the assailant.
Section 775.021(4)(b), Florida Statutes, directly addresses the issue of whether multiple convictions can arise from a single criminal act. The statute provides for a separate conviction and sentence for each criminal offense committed during a single criminal episode, so long as the separate offenses do not require the same elements of proof, the offenses are not degrees of the same offense, and one offense is not subsumed by another. § 775.021(4)(b), Fla. Stat. (2003). See State v. Smith, 547 So.2d 613, 616 (Fla.1989)(providing that statutory element test “shall be used” in determining whether offenses are the same or separate.) See also Gaber v. State, 684 So.2d 189, 190 (Fla.1996).
In Hamrick v. State, 648 So.2d 274, 275 (Fla. 4th DCA 1995), this court recognized *99 that a defendant can be convicted of both robbery and battery. There, this court, citing Smith, looked exclusively at the statutory elements of both a robbery and battery, finding that a dual conviction did not “violate the constitutional provisions of double jeopardy ..., because each crime requires proof of an element that the other does not.” Id. at 276. Specifically, this court noted that, unlike battery, robbery required proof of “a taking or depriving of property.” Id. Also, while there must be an intentional touching to amount to a battery, the elements of robbery can be satisfied, even if no actual touching occurred, by placing the victim “in fear.” Id. In this case, we note the information charged that Dunbar committed the offense by the use of “force, violence, assault, or putting in fear.”
We have considered Harrison v. State, 755 So.2d 820 (Fla. 5th DCA 2000), but deem it distinguishable. In Harrison, a security guard witnessed the defendant shoplifting. Id. at 821. As the guard attempted to confront him when he left the store, the defendant shoved the guard and fled. Id. In that case, it was the physical contact with the security guard that elevated the crime of theft to robbery. Id. Therefore, the crime of battery became subsumed by the robbery charge. Id. The Harrison opinion, which distinguished Hamrick, was, by its terms, clearly limited to circumstances where the battery alone caused the theft to be elevated to robbery. Id. See Phillips v. State, 834 So.2d 272, 274 (Fla. 5th DCA 2002)(distinguishing Harrison and concluding that, because the charge of attempted robbery in that case was satisfied when the defendant placed the victim in fear, the crime of battery had not been subsumed).
We note that in State v. Reardon, 763 So.2d 418, 419 (Fla. 5th DCA 2000), where a defendant appealed his conviction for aggravated battery and first-degree burglary, the Fifth District concluded that there was no double jeopardy bar to the entry of convictions for both aggravated battery and burglary with a battery when the convictions arose out of the same incident where the aggravated battery and burglary with battery charges did not require the same statutory elements, nor were the offenses degrees of the same crime. Id. at 420-21. Further, neither crime was subsumed by the other. Id. at 420. The Reardon court expressly receded from its earlier opinion in Crawford v. State, 662 So.2d 1016 (Fla. 5th DCA 1995).
Therefore, the convictions and sentences are affirmed.
POLEN and SHAHOOD, JJ„ concur.