965 So.2d 338 (2007)
T.C.E., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-702.
District Court of Appeal of Florida, Fifth District.
September 21, 2007.
*339 James S. Purdy, Public Defender, and Edward J. Weiss, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
EVANDER, J.
T.C.E. entered a no contest plea to the charges of robbery,[1] fleeing or attempting to elude an officer,[2] and battery.[3] The sworn police report recited that T.C.E. had entered a Kangaroo Express convenience *340 store. He gave the cashier a bag of chips and $1.00. When the cashier opened the register drawer, T.C.E. reached across the counter and took money from the drawer. He also struck the cashier in the chest and slammed her wrist into the drawer. After taking the money, T.C.E. attempted to flee in his motor vehicle. A police officer, responding to a BOLO alert, got behind T.C.E. and activated his lights and siren. T.C.E. failed to stop for approximately one mile. The trial court accepted T.C.E.'s plea and adjudicated him guilty of all three offenses. T.C.E. raises two issues on appeal.
First, T.C.E. contends the robbery conviction must be vacated because the petition improperly alleged that Kangaroo Express was the victim, rather than the clerk who was working the cash register. This pleading deficiency was never raised with the trial court. We reject T.C.E.'s argument.
We conclude the petition was not fundamentally defective and, therefore, T.C.E. has waived this issue. A charging document is fundamentally defective only where it totally omits an essential element of the crime or is so vague, indistinct, or indefinite that the defendant is misled or exposed to double jeopardy. Felton v. State, 919 So.2d 557, 559 (Fla. 5th DCA 2005). In the present case, the petition did not "totally omit an essential element." The petition simply misstated that the victim was the clerk's corporate employer rather than the clerk herself. The petition otherwise set forth all of the required elements for a robbery offense and correctly identified the applicable criminal statute. DuBoise v. State, 520 So.2d 260, 264 (Fla. 1988). Additionally, T.C.E. does not contend that he was misled or prejudiced, in any way, by the pleading error. The pleading deficiency should have been raised prior to T.C.E.'s plea  at which time it could have been easily cured. Ford v. State, 802 So.2d 1121, 1130 (Fla.2001).
We also find T.C.E.'s contention that double jeopardy barred his conviction for both robbery and battery to be without merit. As a general rule, a defendant waives any double jeopardy claim by entering a guilty or no contest plea. Novaton v. State, 634 So.2d 607, 609 (Fla.1994). However, an exception to the general rule exists when (a) the plea is a general plea, (b) the double jeopardy violation is apparent from the record, and (c) there is nothing in the record to indicate a waiver of the double jeopardy violation. In the present case, a double jeopardy violation is not apparent on the face of the record. A conviction for robbery does not necessarily preclude a battery conviction even though the battery occurred during the robbery.
Robbery requires proof of a taking or depriving of property, an element that battery does not require. In contrast, the crime of battery requires an actual and intentional touching of the victim, which is not necessarily an element of robbery. During a robbery, a robber could place the victim `in fear,' thereby satisfying the force or violence element of robbery, without satisfying the intentional or actual touching element of battery.
Hamrick v. State, 648 So.2d 274, 276 (Fla. 4th DCA 1995); see also Dunbar v. State, 879 So.2d 98 (Fla. 4th DCA 2004); Phillips v. State, 834 So.2d 272, 274 (Fla. 5th DCA 2002).
AFFIRMED.
GRIFFIN and THOMPSON, JJ., concur.
NOTES
[1] § 812.13(2), Fla. Stat. (2006).
[2] § 316.1935(2), Fla. Stat. (2006).
[3] § 784.03, Fla. Stat. (2006).