DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JUNIO SAINVIL,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

Nos. 4D17-1745 and 4D17-1746

[May 30, 2018]

Consolidated appeals from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Dennis D. Bailey, Judge; L.T. Case Nos. 14-10027 CF10A and 14-9820 CF10A.

Carey Haughwout, Public Defender, and Stacey Kime, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Matthew Steven Ocksrider, Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

Appellant Junio Sainvil appeals the trial court's orders revoking his community control and imposing two concurrent ten-year sentences. On appeal, Appellant argues that the court failed to conduct a *Richardson* hearing, predetermined the ten-year sentence, and ordered restitution without first holding a hearing. We find no merit in Appellant's first two arguments and affirm without discussion. As to Appellant's third argument, the State concedes error and we agree. Accordingly, we reverse and remand the restitution order with instructions to hold a hearing to properly determine the amount of restitution.

**Background**

Appellant pled guilty to two counts of burglary of a dwelling and one count of grand theft. In exchange for the guilty pleas, the trial court sentenced Appellant as a youthful offender for a total of two years of community control, followed by four years of probation. It also ordered restitution to the victim, indicating it would render a determination at an unspecified later date. Initially, Appellant twice violated his community control. After a subsequent arrest for fleeing and eluding law enforcement during a traffic stop, the trial court found that Appellant

had once again violated community control. Appellant was sentenced to two concurrent ten-year sentences with credit for time served. That same day, the court entered an order finding that Appellant owed the victim $6,500 in restitution. The trial court did not hold a hearing to determine the amount. Appellant filed a rule 3.800(b)(2) motion to alert the court to the error, but the court effectively denied the motion by failing to rule on it.

## Analysis

"The imposition of restitution without notice or a hearing is error." *Hamrick v. State*, 648 So. 2d 274, 276 (Fla. 4th DCA 1995); *see also Manuel v. State*, 152 So. 3d 1290, 1290 (Fla. 4th DCA 2015). The trial court did not err in ordering Appellant to pay restitution, but it must hold a hearing to properly determine the amount. *Hamrick*, 648 So. 2d at 276. In determining the proper amount, the court must consider several factors, "including the loss by the victim and the appellant's ability to pay restitution." *Id.* (citing § 775.089(6), Fla. Stat. (1993)). Here, the State concedes error, and the record on appeal is silent as to the manner in which the court calculated restitution.

## Conclusion

Apart from the restitution portion of the trial court's order, we affirm the judgment and sentence. As conceded by the State, the trial court erred in ordering Appellant to pay a sum certain in restitution without first providing notice or conducting a hearing to determine the amount. Accordingly, we reverse and remand this issue to the trial court to conduct a hearing and issue a new restitution order. *See Manuel*, 152 So. 3d at 1290.

*Affirmed in part, Reversed in part and Remanded.*

DAMOORGIAN and KLINGENSMITH, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

2