DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BOBBY SCOTT,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

Nos. 4D19-3749, 4D19-3784 and 4D19-3786

[December 8, 2021]

Consolidated appeals from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John J. Murphy, III, Judge; L.T. Case Nos. 05-20191-CF10A, 06-03576-CF10A and 14-07957-CF10A.

Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Marc B. Hernandez, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Appellant challenges his conviction for second degree murder and the order of restitution. Appellant was found guilty of the bludgeoning death of the victim, his girlfriend. The State alleged that he killed her in a jealous rage and then left her body outside the duplex where she lived with her family. Appellant raises three issues with respect to his conviction: (1) whether the court erred in denying his motion for judgment of acquittal due to insufficient evidence which was built inference upon inference; (2) whether the court erred in admitting irrelevant evidence of a saw found in a tree in the empty lot where the bloody brick, the suspected murder weapon, was found; and (3) whether the court erred in refusing to allow evidence of a possible other perpetrator, which was relayed to the police during the investigation of the crime. He also challenges an order of restitution as being entered without notice. We affirm the issues relating to the conviction and reverse the restitution order for an evidentiary hearing.

First, there was competent substantial evidence to overcome appellant's motion for judgment of acquittal. While the evidence showing that appellant was the victim's killer was circumstantial, the State put the evidence together like pieces of a puzzle, not by a stacking of inferences. *See State v. Sephes*, 262 So. 3d 811, 817 (Fla. 4th DCA 2019). The victim was dropped off by her former boyfriend close to her home around 4:00 a.m. and was found dead in her backyard the next morning, having been dragged beneath a tree. Appellant was linked to the crime scene by DNA evidence of the victim's blood on the murder weapon, a concrete brick, that also had DNA consistent with appellant's DNA. The victim's blood was also found on appellant and his clothing.

Other compelling evidence included the texts between appellant and the victim showing appellant's anger and jealousy. The State constructed a timeline showing appellant's location during the hours leading up to and after the murder. A surveillance video from the apartment complex where appellant lived showed appellant leaving the apartment and then returning hours later but matching the timeline testimony. Cell phone mapping of the victim's phone, appellant's phone, and the victim's former boyfriend's phone also provided evidence of the timeline and each person's location in the area. The former boyfriend testified that he saw a person with appellant's body build, whom he thought was appellant, leaving the area after the former boyfriend dropped the victim off. Early in the morning after the murder, appellant texted and called the victim's brother looking for the victim, something appellant had never done before that day. The totality of the circumstantial evidence was more than sufficient to deny the motion for judgment of acquittal, and it was not built on an inference upon an inference.

Second, the court did not err in admitting the saw into evidence. The prerequisite to the admissibility of evidence is relevancy. *Wright v. State*, 19 So. 3d 277, 291 (Fla. 2009). Under section 90.401, Florida Statutes (2019), "[r]elevant evidence is evidence tending to prove or disprove a material fact." Relevant evidence "is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice[.]" *Wright*, 19 So. 3d. at 291 (citing § 90.403, Fla. Stat. (2000)). Appellant's fingerprint was found on the saw, and it was in the same empty lot as the murder weapon, the concrete brick, which had DNA on it consistent with appellant's DNA. While generally admission of a weapon which is not linked to a crime is irrelevant, *see, e.g.*, *O'Connor v. State*, 835 So. 2d 1226 (Fla. 4th DCA 2003), here the saw was clearly not the murder weapon but was introduced because appellant's fingerprint placed him in the area at some point, when he said he had never been in the area. Although the prosecutor mentioned it in closing argument, the reference was slight and

certainly not the "clincher" evidence which required reversal in *Valley v. State*, 860 So. 2d 464 (Fla. 4th DCA 2003). Even if it was irrelevant, we conclude it was harmless beyond a reasonable doubt.

Third, the trial court did not err in denying admission of a statement relayed to police during their investigation. A trial court's decision on the admissibility of evidence is reviewed for an abuse of discretion, as limited by the rules of evidence. *Helms v. State*, 271 So. 3d 1030, 1033 (Fla. 4th DCA 2019). The evidence sought to be admitted of another possible perpetrator was hearsay. In fact, it was double hearsay. The victim had told her mother and aunt that her former boyfriend had threatened to kill her and "leave her dead body at the doorstep" which the mother relayed to the police.[1] Defense counsel stated that he wanted to question the mother on the statement to show that the police did a poor investigation or to show the declarant's state of mind. The State objected that it was clearly being admitted for its truth, as the threat was close to what actually happened. The victim's state of mind was not relevant. *See Stoll v. State*, 762 So. 2d 870 (Fla. 2000). Further, appellant was able to present his claim that the police did not conduct a thorough examination by cross-examination of the police as well as cross-examination of the former boyfriend who testified. In fact, defense counsel focused on the former boyfriend throughout closing argument. Thus, counsel was amply able to explore the defense theory that the police did an inadequate investigation.

We do, however, reverse the order of restitution entered the same day as the sentence. The State concedes that the court entered the order without discussion at the sentencing. Thus, appellant lacked any notice or opportunity to be heard. *See Sainvil v. State*, 248 So. 3d 148, 149 (Fla. 4th DCA 2018). We reverse for an evidentiary hearing on restitution.

*Affirmed in part; reversed in part, and remanded with directions.*

WARNER, GERBER and LEVINE, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

---

[1] In deposition testimony, the former boyfriend denied making the statement.

3